# United States District Court
## Western District of Louisiana
## Alexandria Division

UNITED STATES OF AMERICA

V.

**JERRY FINISTER**

JUDGMENT IN A CRIMINAL CASE

Case Number: 1:06CR10022-01

USM Number:

Camille Giordano
Defendant's Attorney

**THE DEFENDANT:**

[✓]  pleaded guilty to Count 1 of the Indictment.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Count Number | Date Offense Concluded |
|---|---|---|---|
| 18 U. S. C. § 287 | Making false claims | 1 | 09/06/05 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✓]  Count 2 of the Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in the defendant's economic circumstances.

October 4, 2007
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

DEE D. DRELL, United States District Judge
Name & Title of Judicial Officer

10/8/07
Date

COPY SENT:
DATE: 10/10/07
BY: _mll_
TO: USP, USM

AO245B  Judgement in a Criminal Case (Rev. 06/05)
   Sheet 2 — Imprisonment

Judgment - Page 2 of 5

DEFENDANT: JERRY FINISTER
CASE NUMBER: 1:06CR10022-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **4 months** .

[✓]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before **2 p.m. on Monday, November 5, 2007**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       JERRY FINISTER
CASE NUMBER:     1:06CR10022-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

## MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

8. [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

10. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO245B Judgment in a Criminal Case (Rev.12/03)
Sheet 3A - Supervised Release

Case 1:06-cr-10022-DDD-JDK   Document 25   Filed 10/10/07   Page 4 of 5 PageID #: 71

Judgment - Page 4 of 5

DEFENDANT:     JERRY FINISTER
CASE NUMBER:   1:06CR10022-01

# SPECIAL CONDITIONS OF SUPERVISION (SP)

1) Defendant shall pay any unpaid restitution at a rate of $100.00 per month, with payments to begin within 30 days of the commencement of supervision.

2) Defendant shall pay the fine at a rate of $50.00 per month, with payments to begin after the completion of restitution.

3) Defendant shall submit to random drug testing and substance abuse treatment, as directed by the U. S. Probation.

4) Defendant shall provide any financial information as requested by the U. S. Probation Office.

5) Defendant shall apply any income tax refund received during the term of supervised release to any outstanding monetary obligation ordered by the Court.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 500.00 | $2,358.00 |

[✓] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered |
|---|---|---|
| FEMA<br>P. O. Box 70941<br>Charlotte, NC 28272-0941 | $ 2,358.00 | $2,358.00 |
| TOTALS: | $ 2,358.00 | $2,358.00 |

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [✓] The interest requirement is waived for the  fine and  restitution.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

[✓] Payment to begin immediately

[✓] Special instructions regarding the payment of criminal monetary penalties: Defendant shall pay any unpaid restitution at a rate of $100.00 per month, with payments to begin within 30 days of the commencement of supervision. Defendant shall pay the fine at a rate of $50.00 per month, with payments to begin after the completion of restitution. Defendant shall provide any financial information as requested by the U. S. Probation Office. Defendant shall apply any income tax refund received during the term of supervised release to any outstanding monetary obligation ordered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5)fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.